**In re Petition for DISCIPLINARY ACTION AGAINST David E. ALBRIGHT, an Attorney at Law of the State of Minnesota.**

**No. C3–02–101.**

Supreme Court of Minnesota.

March 6, 2002.

### ORDER

The Director of the Office of Lawyers Professional Responsibility has filed a petition for disciplinary action alleging that respondent David E. Albright has committed professional misconduct warranting public discipline, namely, failure to timely file state and federal income tax returns, failure to cooperate in the Director's investigations, improper use of trust funds, failure to promptly return client documents and improperly disclosing a witness statement in a criminal matter, in violation of Minn. R. Prof. Conduct 1.8(a), 1.15, 1.16(d), 3.4(c), 8.1(a)(1), 8.4(c) and 8.4(d).

Respondent admits the violations and the parties agree that as mitigation respondent suffered from both untreated depression and undiagnosed and untreated attention deficit disorder that contributed

to respondent's tax violations. In addition, respondent self-reported his initial failure to file tax returns and his improper use of the trust account funds.

Respondent has waived his rights under Rule 14, Rules on Lawyers Professional Responsibility (RLPR), and has entered into a stipulation with the Director in which they jointly recommend that the appropriate discipline is a 90-day suspension from the practice of law, successful completion of the professional responsibility bar examination within one year of the date of this court's order, compliance with Rule 26, RLPR, and payment of $900 in costs under Rule 24, RLPR. The parties recommend that the reinstatement hearing provided for under Rule 18(a)-(d), RLPR be waived and that respondent be reinstated following the expiration of the suspension provided that at least 15 days before the expiration of the suspension period, respondent files an affidavit with the Clerk of Appellate Courts and the Director's Office establishing that respondent is current with Continuing Legal Education, has fully complied with Rules 24 and 26, RLPR, and has provided proof of filing of all tax returns which are due and proof of payment agreements with the tax authorities for all taxes due and owing.

The parties further recommend that upon reinstatement respondent be placed on supervised probation for two years subject to the following conditions:

a. Respondent shall cooperate fully with the Director's Office in its efforts to monitor compliance with this probation and promptly respond to the Director's correspondence by the due date. Respondent shall cooperate with the Director's investigation of any allegations of unprofessional conduct which may come to the Director's attention. Upon the Director's request, respondent shall provide authorization for release of information and documentation to verify compliance with the terms of this probation.

b. Respondent shall abide by the Minnesota Rules of Professional Conduct.

c. Respondent shall be supervised by a licensed Minnesota attorney appointed by the Director to monitor compliance with the terms of this probation. Respondent shall provide to the Director the names of four attorneys who have agreed to be nominated as respondent's supervisor within two weeks from the date [the] stipulation is executed. If, after diligent effort, respondent is unable to locate a supervisor acceptable to the Director, the Director will seek to appoint a supervisor. Until a supervisor has signed a consent to supervise, the respondent shall on the first day of each month provide the Director with an inventory of active client files. Respondent shall make active client files available to the Director upon request.

d. Respondent shall cooperate fully with the supervisor in his/her efforts to monitor compliance with this probation. Respondent shall contact the supervisor and schedule a minimum of one in-person meeting per calendar quarter. Respondent shall submit to the supervisor an inventory of all active client files by the first day of each month during the probation. With respect to each active file, the inventory shall disclose the client name, type of representation, date opened, most recent activity, next anticipated action, and anticipated closing date. Respondent's supervisor shall file written reports with the Director at least quarterly, or at such more frequent intervals as may reasonably be requested by the Director.

e. Respondent shall initiate or continue current treatment by a licensed consulting psychologist or other mental

health professional acceptable to the Director, and shall complete all therapy programs recommended by the therapist.

f. Respondent shall maintain law office and trust account books and records in compliance with Rule 1.15, MRPC, and LPRB Amended Opinion No. 9. These books and records include the following: client subsidiary ledger, checkbook register, monthly trial balances, monthly trust account reconciliation, bank statements, canceled checks, duplicate deposit slips and bank reports of interest, service charges and interest payments to the Lawyer Trust Account Board. Such books and records shall be made available to the Director within 30 days of the approval of [the] stipulation and thereafter shall be made available to the Director at such intervals as he deems necessary to determine compliance.

g. Respondent shall timely file all required state and federal tax returns, including individual and employer withholding returns, and timely pay the taxes due thereon. Respondent shall affirmatively report to the Director, on or before the due date of the required returns, his compliance with filing and payment requirements. Such reports shall include copies of the required returns. On or before the filing deadline, respondent shall provide the Director with copies of all applications for filing extension and proof of approval of such applications. Respondent shall provide all of the documents and information required herein without specific reminder or request.

h. Within 60 days from the execution of [the] stipulation, respondent shall enter into agreements satisfactory to the Internal Revenue (IRS) and the Minnesota Department of Revenue (DOR) for the payment of all unpaid taxes. Respondent shall provide the Director with copies of the payment agreements and proof of currency on payments required by the agreements. If after 60 days, agreement with the IRS and/or DOR has not been reached despite diligent effort by respondent, respondent shall report monthly to the Director concerning his progress in reaching agreement. Such reports shall continue until written agreements have been signed by both the IRS and DOR.

i. Respondent shall employ a qualified tax preparer to assist him in preparing and filing required quarterly and annual tax returns. Respondent shall make timely quarterly estimated payments to the state and federal tax authorities. On or before the filing deadline, respondent shall provide proof of such filing and payment to the Director without specific reminder or request.

This court has independently reviewed the file and approves the jointly recommended disposition.

IT IS HEREBY ORDERED that respondent David E. Albright is suspended from the practice of law for 90 days. Respondent shall successfully complete the professional responsibility bar examination within one year of this order and shall comply with Rule 26, RLPR. Respondent may petition for reinstatement by affidavit under Rule 18(f), RLPR, as provided in the stipulation and set forth above. Upon reinstatement, respondent shall be placed on supervised probation for two years subject to the agreed-upon conditions set forth above. Respondent shall pay $900 in costs under Rule 24, RLPR.

BY THE COURT:

Paul H. Anderson
Associate Justice